[Civ. No. 977.   Second Appellate District.—July 21, 1911.]

A. W. BRODE and L. D. BRODE, Respondents, v. WILL-
IAM G. GOSSLIN et al., Defendants; JOHN G. RIT-
TER, Appellant.

APPEAL FROM JUDGMENT AND ORDER DENYING NEW TRIAL—UNAUTHEN-
TICATED BILL OF EXCEPTIONS.—Where the transcript upon appeal
from the judgment and from an order denying a new trial con-
tains a purported bill of exceptions in support of appellant's motion
for a new trial, which is not authenticated in any manner, but
contains an order of court sustaining objections to its settlement
on the ground that it was not presented within the time required
by law, and shows no exception to such order, such purported bill
of exceptions cannot be considered for any purpose upon such
appeal.

ID.—SOLE QUESTION—SUPPORT OF JUDGMENT BY FINDINGS.—The sole
question to be considered upon such appeal is whether the findings
sustain the judgment; and it is held that, upon examination of the
findings, no room is left for questioning their sufficiency.

ID.—MOTION TO DISMISS APPEAL—SETTLEMENT OUT OF COURT—GRANT
DEED FROM APPELLANT—AFFIRMANCE.—It is held that, as the judg-
ment and order must be affirmed upon the record, it is not necessary
to pass upon a motion to dismiss the appeal, on the ground that
the controversy has been settled out of court, by a grant deed from
the appellant to the respondents, presented on the motion.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order denying a new trial.
W. P. James, Judge.

The facts are stated in the opinion of the court.

Randall & Gaines, for Appellant.

George H. Moore, for Respondents.

SHAW, J.—Action to quiet title to real estate. In addi-
tion to the usual allegations in such cases, the complaint
alleged that defendants Gosslin and wife theretofore signed
and acknowledged an instrument purporting to convey to the
United States of America the lands described in the com-
plaint, which instrument was recorded in the office of the
recorder of deeds of Los Angeles county; that the United
States of America did not accept the delivery of the pur-
ported conveyance so alleged to have been made to it by said

instrument, by reason whereof it was of no force or effect as a conveyance. The prayer of the complaint was for a judgment and decree canceling the purported conveyance and quieting plaintiffs' title. The defendant appealing, by his answer, denied the want of delivery to and acceptance by the government of said purported deed; denied that plaintiffs were the owners of the real estate described in the complaint, and alleged that he was in possession of the same under and by virtue of an agreement made between him and the government of the United States. All the issues were found in favor of plaintiffs, upon which judgment was entered as prayed for.

Ritter appeals from the judgment and an order of court denying his motion for a new trial. The transcript contains a purported bill of exceptions in support of his motion, but the same is not authenticated in any manner; on the contrary, it contains an order of court sustaining plaintiffs' objections to the settlement thereof upon the ground that the same was not presented within the time required by section 650 of the Code of Civil Procedure. No exception was taken to the ruling of the court in refusing to settle the bill of exceptions, and the same, lacking the authentication required by law, cannot be considered for any purpose upon this appeal.

The sole question then remaining is whether or not the findings support the judgment. An examination thereof leaves no room for questioning their sufficiency. Nor does appellant call our attention to any ground upon which he claims the judgment should be reversed, his sole argument being directed to alleged errors illustrated by the purported bill of exceptions, which, as said before, cannot be considered upon this appeal.

At the hearing of the appeal respondents, pursuant to notice, made a motion to dismiss the same upon the ground that the matters in controversy had been settled out of court, and in support of their motion presented a grant deed from appellant to the property involved. As the judgment and order must, for the reasons given, be affirmed, it is unnecessary to pass upon the motion.

Judgment and order affirmed.

Allen, P. J., and James, J., concurred.